SARTAIN, Judge.
The plaintiffs in this action are the surviving spouse and children of J. C. Woodall, who was killed in an accident at about 12:50 p. m. on June 25, 1968, while in the course and scope of his employment as a truck driver for Z. M. Redd Lumber Company, Incorporated. The decedent on that date delivered a truckload of large, heavy timbers to the premises of Kent Enterprises, Incorporated, a defendant herein, and was killed when two of the timbers rolled or fell off of the truck and struck his head. It was alleged that the timbers fell when Mr. John Corkern, a forklift operator for Kent Enterprises, approached the opposite side of the truck from where decedent was standing and attempted to remove some of the other timbers from the truck. Although plaintiffs were unable to plead any specific acts of negligence, it was urged that unknown acts of negligence were responsible for the accident and that the doctrine of res ipsa loquitur should be applied to allow recovery.
Plaintiffs had received workmen’s compensation payments in the amount of $3,-528.80, including widow’s lump sum and funeral benefits, from American Mutual Liability Insurance Company, which insurer intervened in this matter asserting its sub-rogation rights under its policy with decedent’s employer against any recovery which might be had against the defendants. The liability insurer of Kent Enterprises, Inc., Gulf Insurance Company, was also named as a defendant.
The trial court rendered judgment without assigning written reasons in favor of the defendants and plaintiffs perfected this appeal. We find that the result reached is not manifestly erroneous and affirm the judgment of the trial court.
In order for the plaintiffs to prevail in this matter, negligence attributable to the defendants must, of course, be shown either by proof of specific negligent acts or omissions or by invoking the presumption of negligence, created under the doctrine of res ipsa loquitur. Unfortunately, direct evidence is quite limited in the record, since the decedent, Mr. Woodall, and the forklift operator, Mr. Corkern, were the only persons at the scene of the accident and Mr. Corkern was killed in an automobile accident prior to the trial of this matter. Mr. Corkern did, however, make a statement to an insurance adjuster the afternoon of the accident. That statement and the testimony of two witnesses relative to the *256 general procedure of unloading timbers from trucks constitute the sole evidence on the question of the defendants’ negligence.
The evidence established that the only responsibility of the truck driver was the removal of the chains which secured the timbers on the bed of the truck. From that point, the unloading wasuione by the forklift operator. Mr. Corkern in his statement said that he had picked up three timbers on the forklift and as he was backing away he looked under the truck and saw the decedent’s feet. He did not know that the decedent had moved from the rear of the truck to the opposite side.
It is apparent that the timbers which struck Mr. Woodall fell as a result of Mr. Corkern’s act of picking up timbers from the truck. Since all of the facts and circumstances surrounding the accident were presented in evidence, the inference of negligence under the doctrine of res ipsa loquitur has no application in this case and the sole question is whether or not it is negligent for a forklift operator to cause timbers to fall off of the opposite side of a truck during the unloading operation. See Day v. National United States Radiator Corporation, 241 La. 288, 128 So.2d 660, 665 (1961), quoting 38 Am.Jur. 999, sec. 303.
The testimony of the witnesses relative to the general unloading procedure showed that some timbers could be expected to fall most of the time. The reasons given were that some of the timbers might not be stacked evenly or might be slightly rounded or jostled in transport or knocked off by the force of the forklift during unloading, but that such an occurrence is not unusual in the ordinary course of events and is not considered to be the fault of the forklift operator. He merely retrieves any fallen timbers from the ground.
Inasmuch as it was not shown in this case that Mr. Corkern, the forklift operator, knew that Mr. Woodall was on the opposite side of the truck and that his attempt to unload the truck was therefore negligent under the circumstances, we must agree with the trial judge that the plaintiffs have failed to prove liability by a preponderance of the evidence.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at plaintiffs-appellants’ costs.
Affirmed.